# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SARAH M. CARLSON <br> c/o Mark S. Zaid, P.C. <br> 1250 Connecticut Avenue, N.W. <br> Suite 200 <br> Washington, D.C. 20036 <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY <br> Washington, D.C. 20505 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br> Civil Action No: 18-1018 |

## COMPLAINT

Plaintiff Sarah M. Carlson ("Carlson") brings this action against defendant Central Intelligence Agency ("CIA") for injunctive and declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the First Amendment to the Constitution of the United States, pertaining to the prepublication classification review of her employment resume, as well as a manuscript that is the subject of a CIA letter dated November 15, 2017.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in the District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Carlson previously worked for the Defendant CIA. She is required by virtue of a secrecy agreement to submit all of her writings for prepublication review.[1] She is a citizen of the United States.

4. Defendant CIA is an agency of the United States and subject to the jurisdiction of this Court. Its' actions have prevented Carlson from publishing portions of her employment resume, as well as her manuscript.

## FACTS

*The Manuscript*

5. In October 2015, Carlson submitted her manuscript, which then had the working title "Unnecessary Risk", to the CIA for prepublication review. The manuscript describes her time serving in and escape from a devolving hostile environment in a country on the African continent. It focuses primarily on the final crisis situation and emergency actions taken to reach safety and save American lives.

6. Over the subsequent thirteen months, Carlson worked in good faith with the Prepublication Review Board ("PRB") to address classification concerns raised with respect to the draft of her manuscript.

7. By e-mail dated November 15, 2016, the PRB confirmed that it had approved the final language of the manuscript, and that Carlson had the permission of CIA to publish it.

---

[1] This Complaint was drafted entirely by cleared legal counsel who is not subject at this time in this specific case to any prepublication review requirement. All factual information was taken from documents officially cleared for release by CIA.

8. In January 2017, Carlson submitted to the PRB for review a revised version of the manuscript, which now had a different name that shall not be cited for purposes of this Complaint in light of subsequent PRB determinations that classified the title even though it had originally been approved for public use.

9. By e-mail dated February 3, 2017, the PRB informed Carlson that the rewritten version of the manuscript had been approved for publication.

10. In September 2017, the CIA changed Carlson's status. That same month, Carlson signed with a literary agent and discussed the contours of the approved version of her manuscript. After discussions with the literary agent, Carlson revised the manuscript again to include additional facts that had not been previously addressed, including her thoughts about a high-profile attack that occurred in her assigned country prior to her arrival and more details about her personal background.

11. On October 10, 2017, Carlson submitted the modified version of the manuscript to the PRB for review.

12. On November 1, 2017, Carlson participated in a conference call with PRB officials regarding the status of her submission. The PRB informed Carlson that it was reversing its prior determination with respect to the classification of certain facts, and that a formal letter with guidance would be sent to Carlson.

13. By letter dated November 15, 2017, the CIA informed Carlson that the entire manuscript reveals classified information. The letter stated that the PRB was denying approval for publication of the manuscript in any form.

*The Resume*

14. In June 2015, Carlson submitted to CIA a copy of her resume for prepublication review, shortly before her resignation. She had served as a Targeting Analyst with CIA's Counterterrorism Center since April 21, 2008, where she assessed terrorist groups in the Middle East and North Africa. Prior to that she served as a staff and contract Counterterrorism Analyst with the Defense Intelligence Agency, including a deployment to Baghdad, Iraq. The resume covered the entire span of her intelligence career, from May 5, 2003 to September 19, 2015. During that career, Carlson received numerous meritorious citations and exceptional performance awards for her exemplary service.

15. By e-mail dated September 2, 2015, the PRB informed Carlson that the prepublication review had been completed. The PRB indicated that there were specific edits that were required before approval for publication could be provided.

16. In September 19, 2017, Carlson submitted to CIA an updated copy of her resume for prepublication review.

17. By e-mail dated September 26, 2017, the PRB informed Carlson of specific changes that needed to be made before approval for publication could be provided. No further communications have occurred.

## FIRST CAUSE OF ACTION

### (FIRST AMENDMENT/DECLARATORY JUDGMENT - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

18. Carlson repeats and realleges the allegations contained in paragraphs 5 through 17 above, inclusive.

19. Carlson properly submitted, pursuant to one or more secrecy agreements, her manuscript for prepublication review.

20. The CIA is legally prohibited from precluding Carlson from publishing anything other than classified information.

21. The CIA claims to have identified classified information in the manuscript and prevented Carlson from publishing the manuscript in any form.

22. The CIA has improperly classified information that is, in fact, unclassified. The consequence of this action is to threaten Carlson that if she publishes or disseminates any information identified as classified, whether it is or not, she will be subject to legal action, which can include civil or criminal penalties.

23. The CIA has failed to show that Carlson's First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

24. The CIA has failed to demonstrate the existence of substantial government interests that would enable them to prohibit the publication of unclassified information within Carlson's manuscript.

25. The CIA's restrictions imposed upon Carlson have been unduly vague and were not narrowly confined to avoid infringement of her First Amendment rights. They have unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest.

26. Most importantly, the CIA has failed to provide explanations with reasonable specificity that demonstrates a logical connection between the information to be deleted and any reason for classification. Thus, they cannot support the CIA's attempt to censor Carlson's manuscript.

27. Because the CIA has impermissibly infringed upon Carlson's right to publish unclassified information in her manuscript it has violated her First Amendment rights.

28. Carlson desires to include only unclassified information in her manuscript.

29. Carlson has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

## SECOND CAUSE OF ACTION

### (FIRST AMENDMENT/DECLARATORY JUDGMENT - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

30. Carlson repeats and realleges the allegations contained in paragraphs 5 through 17 above, inclusive.

31. Carlson properly submitted, pursuant to one or more secrecy agreements, her resume for prepublication review.

32. The CIA is legally prohibited from precluding Carlson from publishing anything other than classified information.

33. The CIA claims to have identified classified information in the resume and prevented Carlson from publishing that information.

34. The CIA has improperly classified information that is, in fact, unclassified. The consequence of this action is to threaten Carlson that if she publishes or disseminates any information identified as classified, whether it is or not, she will be subject to legal action, which can include civil or criminal penalties.

35. The CIA has failed to show that Carlson's First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

36. The CIA has failed to demonstrate the existence of substantial government interests that would enable them to prohibit the publication of unclassified information within Carlson's resume.

37. The CIA's restrictions imposed upon Carlson have been unduly vague and were not narrowly confined to avoid infringement of her First Amendment rights. They have unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest.

38. Most importantly, the CIA has failed to provide explanations with reasonable specificity that demonstrates a logical connection between the information to be deleted and any reason for classification. Thus, they cannot support the CIA's attempt to censor Carlson's resume.

39. Because the CIA has impermissibly infringed upon Carlson's right to publish unclassified information in her resume it has violated her First Amendment rights.

40. Carlson desires to include only unclassified information in her resume.

41. Carlson has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

## THIRD CAUSE OF ACTION

**(FIRST AMENDMENT/DECLARATORY JUDGMENT – LEGAL COUNSEL'S ACCESS TO CLASSIFIED INFORMATION/UNREDACTED MANUSCRIPT)**

42. Carlson repeats and realleges the allegations contained in paragraphs 5 through 17 above, inclusive.

43. In order to be able to fully protect Carlson's First Amendment rights her legal counsel will require access to the alleged classified information that is contained within

her manuscript and resume. Upon information and belief, the undersigned legal counsel both hold valid and current security clearances that would permit a review of the relevant information.

44. Carlson has a First Amendment right to counsel and to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, as well as to participate in any internal meetings with CIA to discuss any redactions. CIA has previously authorized such participation of counsel. Carlson's constitutional rights extend to counsel with the appropriate level of security clearance.

WHEREFORE, plaintiff Sarah M. Carlson requests that the Court award her the following relief:

(1) Permanently enjoin the Defendant from restraining the publication of any portion of unclassified text within the manuscript;

(2) Declare that Carlson possesses a First Amendment right to publish any unclassified information that was redacted from her manuscript;

(3) Declare and find that the text of the manuscript is unclassified;

(4) Permanently enjoin the Defendant from restraining the publication of any portion of unclassified text within her resume;

(5) Declare that Carlson possesses a First Amendment right to publish any unclassified information that was redacted from her resume;

(6) Declare and find that the text of the resume is unclassified;

(7) Award Carlson the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law;

(8) Award any appropriate compensation to Carlson for any losses suffered or expenses incurred due to the Defendant's actions; and

(9) grant such other relief as the Court may deem just and proper.

Date:  May 1, 2018

Respectfully submitted,

/s/
_____

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for Plaintiff

Case 1:18-cv-01018 Document 1 Filed 05/01/18 Page 9 of 9

9